# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDANA RODRIGUEZ, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, a government entity; REBECCA PONSECA-SINON, an individual; and DOES 1 through 10, inclusive.<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-cv-00204-AJB-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. No. 14)** |

Plaintiff Chandana Rodriguez seeks to remand her case back to state court alleging the Court lacks jurisdiction over this case. Because this claim lacks federal question jurisdiction and diversity jurisdiction, and because the Court declines to exercise supplemental jurisdiction, the Court **GRANTS** Rodriguez's motion. (Doc. No. 14.) Accordingly, the Court **VACATES** the November 8, 2018 motion hearing date.

## I. BACKGROUND

In her complaint, Rodriguez alleges racial discrimination and harassment under Title VII and California's Fair Employment and Housing Statutes against Rebecca

1

Ponseca-Sinon and the Department of Motor Vehicles ("DMV"), her employers. (Doc. No. 13 ¶ 4, 6.) Defendants removed this case to federal court and filed a motion to dismiss. (Doc. Nos. 1, 3.) The Court granted defendants' motion with leave to amend. (Doc. No. 12.) Rodriguez amended the complaint by dropping all federal claims and only keeping California Fair Employment and Housing violations. (Doc. No. 13 at 1.) Now, Rodriguez moves to remand her case back to state court due to lack of federal question, diversity, and supplemental jurisdiction. (Doc. No. 14.)

## II. LEGAL STANDARDS

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. N.W. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

## III. DISCUSSION

Plaintiff argues remand to state court is necessary because the federal court lacks both federal question jurisdiction and diversity jurisdiction over the claims asserted in

Rodriguez's second amended complaint. (Doc. No. 14.)

### A. The Court Lacks Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S. Code § 1331. Initially, Rodriguez's case invoked federal question jurisdiction because she brought a claim under Title VII of the Civil Rights Act of 1964. (Doc. No. 1 at 10.) The Court dismissed that claim with leave to amend, however, Rodriguez chose to simply dismiss that claim in her second amended complaint. (*See* Doc. No. 13.) Rodriguez's remaining claims are only state-based. (*Id.*) Thus, the Court now lacks federal question jurisdiction over the case.

### B. The Court Lacks Diversity Jurisdiction

Although the Court no longer has federal question jurisdiction, the Court could retain jurisdiction over this case if diversity jurisdiction is established. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. . . ." 28 § U.S.C 1332(a), (a)(1).

Here, Rodriguez is a resident and domiciled in California. (Doc. No. 13 ¶ 3.) Defendant Ponseca-Sinon is a resident and domiciled in California. (*Id.* ¶ 5.) The DMV is a government corporation for the state of California. (*Id.* ¶ 4) Thus, none of the parties are diverse.

Defendants argue that "[i]t is well settled that a complaint amended post-removal cannot divest a federal court of jurisdiction." (Doc. No. 17 at 3.) However, the case law defendants rely on discusses the right to remove a case, not the right to remand one. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). The Supreme Court stated "[t]he second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal." *Id.* Defendants also cite to a Fifth Circuit case for support, but again, that case discusses the principle that removal jurisdiction is based on the complaint at the time of removal, and not any amended complaints thereafter.

*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Without this rule, "disposition of the issue [of removal] would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant. . . ." *Id.* These cases do not stand for the proposition, as defendants assert, that amending a complaint cannot end up revoking a district courts' jurisdiction for purposes of remand. Instead, the underlying rationale is that "a plaintiff cannot defeat removal by amending [the complaint]." *Id.* at 265.

Rodriguez's motion is not challenging defendants' removal of her case to federal court. Rodriguez defended her Title VII claims in her opposition to defendants' dismissal motion. (Doc. No. 5 at 12–18.) The Court granted leave to amend on those issues, and for whatever reason, Rodriguez chose to proceed without her federal cause of action—a permissible course of action as Rodriguez is the "master of [her] claim[s]." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007). Thus, although the Court has no independent basis for jurisdiction, the Court may retain the case through supplemental jurisdiction.

**C. The Court Chooses Not to Exercise Supplemental Jurisdiction**

The Supplemental Jurisdiction statute states:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)–(4).

Here, although Rodriguez's case does not present any novel or complex issues of state law and her state law claims do not predominate over her Title VII claims, the Court did dismiss her claim in which it had original jurisdiction: her Title VII claim. "When the

balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted). Here, the case is still in its infancy. Defendants have yet to answer, discovery has not commenced, and no court-related deadlines have been set. Thus, the Court finds on a balance, the case belongs in state court and declines to exercise supplemental jurisdiction.

## IV. CONCLUSION

Because the Court no longer has federal question jurisdiction, the parties are not diverse, and the Court declines to exercise supplemental jurisdiction over Rodriguez's state law claims, the Court **GRANTS** Rodriguez's remand motion and **DISMISSES** her case without prejudice. (Doc. No. 14.) This case is **REMANDED** to the Superior Court of California, County of San Diego. Each side will bear their own costs and attorney fees incurred as a result of the removal. 28 U.S.C. § 1447(c).

Because the Court remands this case to the California Superior Court, defendants' motion to dismiss is now moot, and therefore **DENIED**. (Doc. No. 18.)

**IT IS SO ORDERED**.

Dated: October 9, 2018

Hon. Anthony J. Battaglia
United States District Judge